UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00174

J.T. CARNEAL, *et al.*                                                                         Plaintiffs

v.

TRAVELERS CASUALTY INSURANCE OF AMERICA                           Defendant

**MEMORANDUM OPINION & ORDER**

This matter is before the Court upon Plaintiffs' "Response to Defendant's Removal to Federal Court and Motion to Remand to State Court." (Docket No. 10.) Defendant has responded. (Docket No. 11.) This matter is now ripe for adjudication. For the reasons that follow, the Court will DENY Plaintiffs' Motion to Remand, (Docket No. 10).

This case arises under an insurance contract written by Defendant Travelers Casualty Insurance of America based on storm damage to Plaintiffs' building and inventory. In their Complaint, Plaintiffs allege compensatory/contractual damages in the amount of $67,475. (*See* Docket Nos. 1-1, at 6; 10, at 1.) Plaintiffs also seek damages in an unspecified amount under the Kentucky Unfair Claims Settlement Practices Act (UCSPA), Ky. Rev. Stat. § 304.12-230. Plaintiffs argue that the $75,000 amount-in-controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332 is not met because Plaintiffs tendered a settlement offer to Defendant to settle all claims for $65,000, thereby reducing the "'AMOUNT IN CONTROVERSY,' as this case now

stands," to less than the jurisdictional minimum. (Docket No. 10, at 3 (emphasis in original).)

Certainly, the Defendant seeking removal bears the burden of proving, by a preponderance of the evidence, that the amount-in-controversy requirement is satisfied. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)). This standard, however, "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement." *Id.* (quoting *Gafford*, 997 F.2d at 158). In determining whether a defendant has met its burden, the Court must look to the damages alleged at the time of removal. *Id.* at 573. Furthermore, the Sixth Circuit has expressly instructed: "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Id.* at 572 (alteration in original) (quoting *Holley Equip. Corp. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)).

Thus, the principal issue before the Court is whether the amount in controversy exceeds $75,000. The Court has addressed this issue in a varied number of factual circumstances on multiple occasions. *See, e.g.*, *Winburn v. Metro. Direct Prop. & Cas. Ins. Co.*, 2007 WL 891865 (W.D. Ky. March 20, 2007); *Shofner v. Mid-America Harborside Healthcare*, 2007 WL 433118 (W.D. Ky. Feb. 5, 2007); *Sparks v. Wal-Mart Stores, Inc.*, 2007 WL 101850 (W.D. Ky. Jan. 10, 2007). Despite the Court's familiarity with the issue, Congress recently amended the procedure for removing certain civil actions. *See* Federal Courts Jurisdiction and Venue Clarification Act of

2011, Pub. L. No. 112-63, § 103(b), 125 Stat 760, 762 (amending 28 U.S.C. § 1446). Of specific importance to the present case is the addition of 28 U.S.C. § 1446(c)(2).

As amended, § 1446 permits a defendant to assert the amount in controversy in its notice of removal if removing from a jurisdiction where "State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." § 1446(c)(2)(A)(ii). Removal from such a jurisdiction is proper upon the defendant's assertion of the amount in controversy "if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds the amount specified in [28 U.S.C. § 1332(a)]." *Id.* § 1446(c)(2)(B). These recently enacted congressional amendments are applicable in the present case because Kentucky both prohibits the demand for a specific sum and allows recovery beyond that demanded in the pleadings. *See* Ky. R. Civ. P. 8.01(2), 54.03(2). Therefore, the issue remains whether Defendant has shown that it is more likely than not that the amount in controversy exceeds $75,000.

The assertions in the initial pleadings and in the parties' arguments on the instant motion to remand permit the Court to easily find that it is more likely than not that the amount in controversy exceeds $75,000. Further, Plaintiffs' argument for remand is without merit. The fact that Plaintiffs offered to settle their claims for an amount below the jurisdictional minimum is irrelevant. At the time of removal, Plaintiffs alleged damages in the amount of $67,475 in compensatory damages plus an unspecified amount in punitive damages for their bad faith claim. Considering that Plaintiffs seek punitive damages, it becomes clear that the amount in controversy exceeds $75,000. The Supreme Court has embraced a punitive-to-compensatory damages ratio near 4:1.

*See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424-26 (2003).  Even reducing that amount to a 1:1 ratio would result in Plaintiffs being awarded $67,475 in punitive damages, which with the amount of compensatory damages sought totals $134,950, well above the statutory requirement.  Plaintiffs' assertion that their bad faith/UCSPA claim was included merely "to remind [Defendant] of its duty to settle the case" is similarly irrelevant.  (Docket No. 10, at 1.)  Regardless of Plaintiffs' purpose or intention in including that claim, their Complaint alleges a viable cause of action for which punitive damages are recoverable.   The Court finds it is not "apparent to a legal certainty" that Plaintiffs cannot recover punitive damages in an amount greater than $7,525, and Plaintiffs have offered no argument to the contrary.  Therefore, the Court concludes that Defendant has met its burden of demonstrating, by a preponderance of the evidence, that the amount in controversy requirement for diversity jurisdiction has been met.

\* \* \* \* \*

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand, (Docket No. 10), is DENIED.

Date:

cc:	Counsel