**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO.:5-12-CV-174-R**

| | |
|---|---|
| J.T. CARNEAL<br>d/b/a J.T. CARNEAL ENTERPRISES<br>and SUZANNE ROBERTS d/b/a ANNE'S BRIDALS, LLC., | PLAINTIFFS |
| VS. | |
| TRAVELERS CASUALTY INSURANCE<br>OF AMERICA | DEFENDANT |

_____

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO EXCLUDE PLAINTIFFS' PROFFERED EXPERT CHUCK HOWARTH**

Comes now Defendant Travelers Casualty Insurance of America ("Travelers"), by and through counsel, pursuant to the Federal Rules of Evidence, and in support of its Motion for an Order Excluding Testimony of Plaintiff's Proffered Expert, Chuck Howarth, would state and show unto this Court as follows:

**I. FACTS AND PROCEDURAL HISTORY**

The present litigation arises out of a claim for water damage to Plaintiffs' building and inventory that occurred on or about September 9, 2010 and September 10, 2010. (*See* DE# 1-1, ¶ 6). A claim was made for that damage on September 14, 2010 under a policy of insurance issued by Travelers Casualty Insurance Company to Anne's Bridal, LLC. Defendant's expert, OnTheRock Engineering, investigated the Plaintiffs' premises on September 28, 2010 and determined that the claimed damage was a result of the improper installation of the EPDM rubber membrane roof. After the investigation, Defendant sent Plaintiffs a letter on November 21, 2010 denying the claim and

specifically identifying the facts and the policy provisions that support the denial. Plaintiffs' insurance policy contains a specific exclusion for damage caused by faulty, inadequate or defective repairs, remodeling, construction or renovations. Defendant relied on this specific policy exclusion and its expert's report as the basis for denying the Plaintiffs' claim.

This litigation was filed by Plaintiffs on September 7, 2012. In Plaintiffs' Complaint they allege that Defendant breached its fiduciary obligations and, therefore, violated specific provisions of KRS 304.12-230, the Kentucky unfair claims settlement statute. Plaintiff has proffered as an expert witness, Chuck Howarth. Mr. Howarth authored a report setting forth his opinions and has been deposed in this matter. (Copy of report attached hereto as **Exhibit 1**)(Copy of Deposition of Chuck Howarth attached hereto as **Exhibit 2**). Plaintiff seeks to utilize the testimony of Mr. Howarth to prove Travelers breached the contract of insurance and violated the Kentucky Unfair Claims Settlement statutes. The testimony of Chuck Howarth should be excluded as set forth more fully herein.

## II. LAW AND ARGUMENT

An expert witness may testify in the form of an opinion if he is qualified "by knowledge, skill, experience, training or education…" and his "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue…." Fed. R. Evid. 702. The opinion, however, is not admissible if it "merely express[es] a legal conclusion[.]" Demerrell v. City of Cheboygan, 2006 WL 3090133 at * 7 (6th Cir. Oct. 31, 2006)(citing Berry v. City of Detroit, 25 F.3d 1342, 1353 (6th Cir. 1994)). In *Daubert v. Merrell Dow*

*Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), the Supreme Court set forth guidelines for courts to use in determining the admissibility of expert testimony under Rules 702 and 104 of the Federal Rules of Evidence. Typically, the evaluation of expert testimony is generally left to juries, but the trial judge takes on a "gatekeeping" role with respect to expert proof. Id. at 597–98, 113 S.Ct. 2786 (citing FRE 104(a)).

In order to act as an expert witness, Rule 702 requires that the expert testify to "scientific, technical or other specialized knowledge." Fed. R. Evid. 702. The *Daubert* court explained that this serves to establish a standard of "evidentiary reliability" or "trustworthiness." Daubert, 509 U.S. at 591. As the Sixth Circuit recently explained:

> [I]n addition to requiring that a proposed expert's testimony be "reliable," Rule 702 requires that the expert's testimony assist the trier of fact. This requirement has been interpreted to mean that scientific testimony must "fit" the facts of the case, that is, there must be a connection between the scientific research or test result being offered and the disputed factual issues in the case in which the expert will testify. *See Daubert,* 509 U.S. at 592, 113 S.Ct. 2786. In short, under *Daubert* and its progeny, a party proffering expert testimony must show by a "preponderance of proof" that the expert whose testimony is being offered is qualified and will testify to scientific knowledge that will assist the trier of fact in understanding and disposing of issues relevant to the case. *See id.* at 592 n. 10, 113 S.Ct. 2786.

Pride v. BIC Corp., 218 F.3d 566, 576-78 (6th Cir. 2000).

The proposed testimony must assist the trier of fact. While *Daubert* focused on scientific testimony, the United States Supreme Court expanded the trial court's gatekeeping role to all expert testimony in *Kumho Tire Co., Ltd. V. Carmichael*, 526 U.S. 137 (1999).

### A. Howarth's Testimony Regarding Insurance Coverage Should Be Excluded

In his report, attached as **Exhibit 1**, Mr. Howarth opines that "[t]he Travelers adjusting team and their management ("Travelers") relied upon two policy exclusions in their denial of this claim. I have no intention of making a legal argument herein…[b]ut from the perspective of an expert adjuster Travelers' application of these two exclusions is unreasonable and unfounded." **Exhibit 1**, pg. 2. Mr. Howarth then goes on to explain why he believes the two exclusions/limitations provisions were inappropriately applied to this claim. For instance, with regard to the first exclusion, Mr. Howarth states that "Travelers has not produced any proof that this exclusion or limitation applies and the burden is theirs to do so under an "all risk" policy…Short of their proving that an exclusion applies, coverage remains in place for the loss." **Ex. 1**, pg. 2. Likewise, Mr. Howarth opines that, with regard to the "anti-concurrent causation" exclusion, "[t]he application of [such] clauses is a complicated subject of law that should not be expounded upon too deeply by non-lawyers" but "I do want to point out however that the approach that Travelers has taken in applying this [sic] clause to this claim is an extreme one." **Ex. 1**, pg. 2. Mr. Howarth expressed other opinions in his report. For instance, he opined that "[a]t the heart of Travelers' mishandling of this claim is their failure to establish and prove that the exclusions they used to deny this claim actually apply." **Ex. 1**, pg. 3.

The opinions of Chuck Howarth are based upon his "thirty (30) years of claim adjusting experience both on the insurance company side as well as the public side of the process." **Ex. 1**, pg. 4. Chuck Howarth is not an engineer. (Depo. Howarth, pg. 17, lines 16-18). Mr. Howarth is not a lawyer and cannot express an opinion regarding the

construction of policy provisions. (Depo. Howarth, pg. 14, line 21 through pg. 15, line 6). Mr. Howarth is not an expert on the installation of roofs and roofing materials and cannot express an opinion regarding whether the roof in question was defectively installed. (Depo. Howarth, pg. 21, line 23 through pg. 22, line 4). As Mr. Howarth stated in his deposition, he was retained by Plaintiffs for two reasons: First, to express an opinion as to whether the claim was properly documented and submitted by Plaintiffs to Defendant, and second, to assess the basis upon which the decision was made to deny Plaintiffs' claim. (Depo. Howarth, pg. 20, line 8 through pg, 21, line 4). In all of his opinions regarding how the policy of insurance should be construed in relation to the loss at issue, Mr. Howarth is speaking as a layperson with a view of how insurance should work. (Howarth Depo., pg. 43 line 24 through pg. 44, line 3). Mr. Howarth's testimony simply does nothing to assist the trier of fact. In this matter, there are mixed questions of fact and law. For instance, the jury must determine the cause of loss. However, this Court will determine whether an exclusion relied upon by Defendant was properly applied.

At first blush, it may appear that Mr. Howarth's testimony is based upon his experience as an adjuster. The problem, however, is that in each of his opinions, Mr. Howarth is necessarily giving his assessment on policy construction and application. As noted above, he speaks of the burden of an insurance carrier to prove the application of an exclusion. He expresses opinions that the loss at issue should not be excluded by the policy provisions at issue. These are merely legal conclusions and are not admissible expert testimony. It is for this Court to determine application of contract language to the facts, and for the jury to determine whether the damage was caused by

a covered loss. Mr. Howarth's proposed testimony, when boiled down to its most simple statement, is that Defendant should have paid this claim. That testimony does nothing to assist the trier of fact, the jury, in making its determinations in this case.

### III. CONCLUSION

Based upon the foregoing, Defendant requests that this Court exclude the testimony of Chuck Howarth.

Respectfully submitted,

Farmer & Wright, PLLC

By: __s/Serita G. Jaggers_____
    Serieta G. Jaggers, Esq.
    P.O. Box 7766
    Paducah, KY 42002-7766
    (270) 443-4431 Phone
    (270) 443-4631 Facsimile
    sgjaggerslaw@gmail.com

    Russell E. Reviere (TN BPR #07166)
    209 East Main Street
    P. O. Box 1147
    Jackson, TN 38302-1147
    (731) 423-2414
    Co-Counsel for Defendant
    *Pro Hac Vice*

### CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of this pleading or document was served by this court's ECF system or mailing postage prepaid to counsel for Plaintiff, Jim Owens, 730 Clark Street, P.O. Box 2757, Paducah, KY 42002.

This the 20th day of September 2013.

                              __s/Serita G. Jaggers_____