

# THE HOWARTH GROUP
INSURANCE CLAIM CONSULTANTS

## Evaluation of Inventory and Claim Submitted, as well as Claim Handling Practices

Insured: J. T. Carneal dba J.T. Carneal Enterprises, and
Suzanne Roberts dba Anne's Bridals, LLC
Insurance Company: Travelers Ins. Co.
Date of Loss: September 10, 2010
7400 Old Highway 60 West
West Paducah, KY  42086

This Report includes stated opinions that I have regarding the amount of the losses to the Building and Business Personal Property that were filed by the above cited insureds as well as opinions that I have regarding the handling of this claim by Travelers' adjusting team and their management. This Report also includes the sources relied upon for my opinions, my qualifications, my past testimony and my fee schedule. I will of course supplement or expand this opinion statement as I believe necessary on the merits of any additional information that becomes available.

My prior testimony is listed in the enclosed CV and most occurred over four (4) years ago.

_____    4/23/13
Charles (Chuck) W. Howarth      Date
chuck@thehowarthgroup.com

EXHIBIT
1
8-16-13

## Opinions

The claim details submitted by the insured for the water damages to the building interior are an accurate valuation of the loss to the inside of the building.

The inventory of damaged Business Personal Property submitted by the insured for the damaged contents is an accurate valuation of the loss from the information that I have reviewed. The claim was prepared and submitted for the wholesale replacement cost of the damaged inventory.

The insured took proper mitigation measures to prevent further damage to the building and contents and the emergency costs incurred by them in these efforts are reasonable as a part of this claim.

The Travelers adjusting team and their management ("Travelers") relied upon two policy exclusions in their denial of this claim. I have no intention of making a legal argument herein about the application of these exclusions as I am not licensed to practice law in any state. But from the perspective of an expert adjuster Travelers' application of these two exclusions is unreasonable and unfounded. I will consider them one at a time following this paragraph.

As to the first exclusion or "Limitation" that Travelers used to deny this claim as outlined in their letter of November 21, 2010; the Windstorm that occurred on September 10, 2010, the date of this loss, did cause damage to this structure according to the individuals familiar with this roof and its condition prior to this windstorm and it was this specific damage that resulted in storm water getting inside of the building, damaging the building interior as well as the contents. Travelers has not produced any proof that this exclusion or Limitation applies and the burden is theirs to do so under an "all risk" policy. Short of their proving that an exclusion applies, coverage remains in place for the loss.

The second exclusion that Travelers used to deny this claim is the Anti-concurrent Causation ("ACC") language contained in the policy. Travelers involves the ACC clause as a kind of second layer absolute exclusion that would, in their opinion, eliminate any coverage for this loss "even if" wind forces were determined to have precipitated the whole thing. The application of ACC clauses is a complicated subject of law that should not be expounded upon too deeply by non-lawyers. I do want to point out however that the approach that Travelers has taken in applying this ACC clause to this claim is an extreme one. Applying the ACC clause as Travelers has in this claim would also eliminate coverage completely for a substantial percentage of claims that are paid and settled on an every-day basis in the insurance world. It is also important to note that Travelers' position that there was a condition on this roof that was "faulty" or "defective" remains unproven, and the burden of proof falls upon Travelers to prove that an exclusion is applicable under "all risk" coverage. In roof construction, there is a wide range of acceptable

J.T. Carneal, et.al. Opinions
Page-2

methods to complete a connection between two different roofing products, some better than others. Saying that the method used on the subject roof to connect the two different roof systems was not the best or most expensive approach that could have been selected of the many reasonable approaches available is one thing. Proving that the method used was "faulty" or "defective" is another. The roof condition was certainly not "inadequate" since it had successfully protected the building for years through similar windstorms as well as a severe ice storm.

Travelers did not attempt in good faith to effectuate a prompt, fair and equitable settlement of this claim. At the time that Travelers denied all of the water damages to both the building and contents, liability had become reasonably clear that much more was due than was allowed for. This approach to the handling of an insurance claim is bad faith conduct.

Travelers refused to pay this claim as a result of a failure to conduct a reasonable investigation. The subject roof had been in place for years prior to this windstorm and had not leaked until the September 10, 2012 windstorm event. Travelers has a duty to conduct their own investigation of the loss and they appear to have relied solely upon the one expert opinion of On The Rock Engineering, LLC. There are gaps and problems with the conclusions outlined in this engineering report that are troubling and in my opinion Travelers' investigation would not have ended with their stated conclusion if it had been a reasonable investigation. Travelers' failure to properly conduct a reasonable investigation before denying coverage for all or a portion of a loss is not good faith claims handling.

At the heart of Travelers' mishandling of this claim is their failure to establish and prove that the exclusions they used to deny this claim actually apply. Let me explain. Travelers insured the building that was damaged on September 10, 2010 on an "all risk" basis. Essentially, all risks of physical loss are covered unless otherwise excluded in the policy. Adjusters are trained that in this circumstance the starting point is one of coverage and the burden is placed upon the adjuster/Carrier to determine if and prove that one or more of the specific exclusions in the policy apply before any claim denial or claim limitation should be imposed. Coverage exists until the exclusion question is nailed down by Travelers. In claims, a tie (so to speak) goes to the insured

Travelers more than once failed to acknowledge and act reasonably promptly upon communications from their insured or their insured's representative with respect to this claim.

Travelers has, by their conduct in this claim, compelled the insureds to institute litigation in order to recover amounts due under their insurance policy.

J.T. Carneal, et.al. Opinions
Page-3

Travelers attempted to settle this claim for less than the amount that a reasonable person would believe the insured was entitled.

Travelers did not treat the interests of their insureds in this claim with equal regard to their own.

Travelers did not objectively investigate this claim and the cause of the losses.

Travelers' team of adjusters and their management did not objectively evaluate this claim and the cause of the loss.

Travelers' team of adjusters and their management appear to have ignored evidence in support of coverage for this whole loss and did so unreasonably.

I have provided with this report a listing of the principal sources of information that I reviewed and that I have relied upon for my opinions and conclusions. My opinions also stem from my over thirty (30) years of claim adjusting experience both on the insurance company side as well as the public side of the process. Good faith must be foundational to the handling of every insurance claim from both sides of the process and I consider my opinions as stated above to be both reasonable and accurate. I would request the opportunity to update this opinion statement if warranted after additional information and testimony becomes available for review.

-Chuck Howarth, CPCU

## Principal Sources of Information Relied Upon in Reaching My Opinions and Conclusions

***Unfair Claims Settlement Practices - KY,*** 304.12-230, effective July 15, 2008.

***Unfair Trade Practices and Unfair Claims Settlement Act of 2009,*** Title 56 Insurance, Chapter-8, 56-8-105, TN.

***Annotated Rules of the Road: A Master List,*** An Appendix outline of general procedures that may be applicable to proper claims handling.

***Business Policy – Travelers,*** the insurance policy that insured Suzanne Roberts DBA Anne's Bridals on the date of this loss.

***Business Policy – Travelers,*** the insurance policy that insured J.T. Carneal Enterprises on the date of this loss.

***Claim Communications,*** Inspection reports and correspondence between the parties during the course of this claim.

***Roof Evaluation by On The Rock Engineering, LLC.***

***Photographs of Loss Site both Inside and Outside.***

***Interior Damage Claim to Building Finishes,*** the claim made by the insured for water damages to the interior of the building insured.

***Business Personal Property Claim for Damaged Inventory Items,*** and supportive documentation.

# Charles W. Howarth, CPCU
1538 Wrights Lane
Gallatin, TN 37066
(615) 406.0834

---

**Objective:** Insurance Claim Consulting Services For Businesses & Individuals

### SUMMARY OF QUALIFICATIONS

Over Thirty (30) years of adjusting property insurance claims for corporations, small businesses individuals and the Insurance Co. Expert testimony and Adjusting experience encompasses the full spectrum of the claims process which includes building damage valuation, business interruption calculation, personal property valuation, good faith claim practices, the Appraisal process etc. in multiple State and Federal Courts.

- Manufacturing
- Hotels/Motels
- Retail Stores
- Multi-level Housing
- Condominiums
- Major Corporations

## OWNER / PRESIDENT

Insurance Claim Consulting / Public Adjusting and Appraisal in the business of assisting policyholders throughout the South-East United States from Indiana to the Florida Keys, including the Virgin Islands. The Corporate office is in the Nashville, Tennessee area.

*The Howarth Group, Inc. 1992-2013*

## BRANCH MANAGER

Managed the Tampa Branch of a large Public Adjusting Company headquartered out of Jacksonville, Florida. Required the full range of management skills necessary to the smooth and profitable operation of a fully staffed insurance claims office.

*Howard Wehnes, Jr. & Co., Inc. 1986-1992*

Page-2, C.V.
Charles W. Howarth, CPCU

## STATE FARM Re-INSPECTOR/TRAINER, CLAIMS ADJUSTER

Started out as a property claims adjuster with State Farm Insurance Company and was ultimately promoted to the position of Re-inspector/Trainer for the West Coast of Florida. The responsibilities of the job were to both train property claims adjusters for State Farm Insurance Co. in proper good faith claims handling practices as well as auditing closed claim files to evaluate training needs in my region.

*State Farm Insurance Company 1980-1986*

### EDUCATION, SPECIALIZED TRAINING and ACCOMPLISHMENTS

- Holmes Bible College, Greenville, SC – Bachelors Degree Theology
- CPCU Degree – (Chartered Property & Casualty Underwriter) The American Institute for Property and Casualty Underwriters, Inc.
- AIC Degree – (Associate in Claims) Insurance Institute of America

### MEMBERSHIPS (Past & Present)

- National Society of CPCU.
- Rule-31 Approved Mediator, Supreme Court of Tennessee
- Past President of Tennessee Association of Public Insurance Adjusters
- Past President of Florida Association of Public Insurance Adjusters
- Past Treasurer of Florida Association of Public Insurance Adjusters
- Member of National Association of Public Insurance Adjusters (NAPIA)
- Board of Directors of National Association of Public Insurance Adjusters

### PERSONAL

Born in Florida　　　　　　　　　Married, 35 Years
Birthdate: 8-28-54　　　　　　　Four Children, One Grandson

Page-3, C.V.
Charles W. Howarth, CPCU

## PRIOR EXPERT TESTIMONY (Partial)

### FEDERAL & STATE COURTS

Stuart's Sleep Center, Inc. dba Matter Bros. Furniture vs. Atlantic Mutual Ins. Co., Case No. 92-95-CIV-FTM-22D, US District Court, Ft. Myers Division.

Prudential Prop. & Cas. Ins. Co. vs. Nicholas Grados, Case No. 91-1104-CIV-T-99B, US District Court, Tampa Division.

United States of America vs. Stephen E. Cantor and Irwin H. Cantor, Case No. 93-291- CR-T-25(B), US District Court, Tampa Division.

Tampa Brass & Aluminum Corp., vs. American Employers Insurance Co., Case No. 9308456, Circuit Court of the 13th Judicial Circuit, Hillsborough County, Florida.

Manard Clark, Clark Hardware of Ruskin, Inc., dba Clark's Home Furnishings, and Apollo Beach 1, Inc., dba Ruskin Village Barber Shop & Ruskin Village Beauty Shop, vs. Auto Owners Insurance Company and East Bay Insurance Agency, Inc., Case No. 92-09683, Circuit Court of the 13th Judicial Circuit, Hillsborough Co., Florida.

Robert Silas Pierce and Orlando Oquendo vs. The Standard Fire Insurance Company, Case No. C197-4106, Division 39, The Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Civil Division.

Bayside Seafood Depot, Inc. vs. Yanoff South Inc. and Scottsdale Ins. Co., Case No. 961585-P, Circuit Court of the Thirteenth Judicial Circuit, Hillsborough County, Florida.

Aability Medical vs. General Accident Insurance Company of America, Case No. 96-2660-CIV-T-17C, US District Court, Middle District of Florida, Tampa Division.

Mark Fazzone and Elizabeth Fazzone f/k/a Elizabeth Coons, vs. USAA Casualty Insurance Company f/k/a USAA Property and Casualty Insurance, Case No. 98-483-CA, The Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida, General Civil Division.

Frank Rea vs. First Floridian Auto and Home Insurance Company a Florida Corporation, Case No. 97-09330, Division-A, The Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, General Civil Division.

The Palms of Islamorada Condominium Association, Inc., Case No. 98-20713 CA 03, The Circuit Court of the Sixteenth Judicial Circuit, In and for Monroe County, Florida, Civil Division.

Richards Golf Co., a Florida Corporation vs. Assurance Company of America, a Maryland Corporation, Case No. 98-2352, The Circuit Court of the Thirteenth Judicial Circuit in and for

Hillsborough County, Florida.
Page-4, C.V.
Charles W. Howarth, CPCU

**Prior Expert Testimony Continued:**

Kathy Regan and Judith Utley d/b/a The Lamp Lighter, vs. Talmage Insurance Agency, Inc. and Juanita Talmage, individually and The Northern Insurance Company of New York, Case No. 99-796-CA, The Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida.

Joseph Parziale and Marie Parziale, his wife, Chuck Howarth and Dale McCrory, Individually and d/b/a Chuck Howarth & Associates vs. Government Employees Insurance Company and Timothy Ferro, Case No. 98-2697, Division-E, The Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Civil Division.

Paul D. Hussey vs. Southern Guaranty Insurance Company, Case No. 98-3681-111, The Chancery Court for Davidson County, Tennessee at Nashville

Thomas and Bobbie Allen vs. Allstate Insurance Company and Allstate Indemnity Company, Case No. 99-50-11, Chancery Court, Davidson County, State of Tennessee.

Bailey B. Stack Individually and d/b/a Lawing-Johnson Garvin Company vs. Grange Mutual Casualty Company, Case No. C 13-904, The Circuit Court for Montgomery County, Tennessee.

Inez Sisco and Francis Sisco vs. Certain Underwriters at Lloyds, London, Case No. 3-990513, U.S. District Court, Middle District of Tennessee, Nashville Division.

Billie Rose Daniel vs. Tennessee Farmers Mutual Insurance Company, Case No. 00C1750, In The Fifth Circuit Court For Davidson County, Tennessee.

Lettuce Feed You, Inc., d/b/a Farmers Market Restaurant vs. Commercial Propane, Inc., Case No. 98-2588-CA-RWP, In The Circuit Court of the Twentieth Judicial Circuit In and For Lee County, Florida.

Eudora Faye Keen vs. Allstate Insurance Company, Case No. 99C-3254, In The Eighth Circuit Court For Davidson County, Tennessee.

Continental Property Management, LLC vs. General Accident Insurance Company and CGU Insurance Company, Docket No. 3-01-0098, In The United States District Court Middle District of Tennessee, Nashville Division.

West Florida Village Inn, Inc. d/b/a Best Western Village Inn vs. General Star Indemnity Company, Case No.: 02-3124, In The Circuit Court of the Third Judicial Circuit in Hillsborough County Florida, Civil Division.

Gregory Boyd Baker vs. Auto Owners Insurance Company and Sharon Kathleen Cline, Civil Action No. _____, In The Commonwealth of Kentucky Madison County Circuit Court.

Page-5, C.V.
Charles W. Howarth, CPCU

**Prior Expert Testimony Continued:**

Sunday School Publishing Board of the National Baptist Convention of the USA vs. CGU Insurance Company, Civil Action No. 3-00-0123, In The United States District Court Middle District of Tennessee, Nashville Division.

Kevin Hall vs. Roy Duncan and State Farm Fire and Casualty Insurance Company, Civil Action No. 02-CI-00043, In The Commonwealth of Kentucky Jessamine County Circuit Court.

William L. Yoder and Joanne T. Yoder vs. Tim Hall, individually and d/b/a H&H Construction, and Anderson Distribution, Inc., Coffee County Chancery Court Case No. 00-375.

Scott Reader, Trustee of the Scott Reader Trust and Larry Peach, d/b/a Peachtree Galleries vs. Owners Insurance Company; United States District Court Western District of Kentucky at Owensboro, Civil Action No: 4;07CV-00046-JHM.

Gulf Shores Surf & Racquet Club Condominium Association, Inc. vs. Westchester Surplus Lines Insurance Company, CV-2008-900117, In The Circuit Court of Baldwin County, Alabama.

Romar House Association, Inc. vs. Westchester Surplus Lines Insurance Company, NO. 08-455, The United States District Court for the Southern District of Alabama, Southern Division.

Greg Ross vs. State Farm Fire & Casualty Company, NO. 3-09-1196, The United States District Court for the Middle District of Tennessee, Nashville Division.

Jerome S. Tannenbaum and Deborah M. Tannenbaum vs. Federal Insurance Company, NO. 3-11-1077, The United States District Court for the Middle District of Tennessee, Nashville Division.

**Chuck Howarth, CPCU**
The Howarth Group, Inc.
137 Third Avenue North
Franklin, TN 37064
(615)-550-5500
(615) 406-0834 Cell
Chuck@thehowarthgroup.com

**Expert Fee Schedule and Conditions**

| | |
|---|---|
| Hourly Rate for All Time | $195.00 / hour |
| Retainer Required | $    None |
| Expenses | $  As Incurred |