UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-174-R

J. T. CARNEAL, et al.                                                       PLAINTIFFS

VS.

TRAVELERS CASUALTY
INSURANCE OF AMERICA                                    DEFENDANT

### PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE PLAINTIFFS' PROFFERED EXPERT CHUCK HOWARTH

COME NOW plaintiffs, J. T. Carneal, d/b/a J. T. Carneal Enterprises, and Suzanne Roberts, d/b/a Anne's Bridals, LLC, by counsel, and respond to defendant's Motion to Exclude Testimony of Plaintiffs' Proffered Expert Chuck Howarth, as follows:

The staff at the Louisville, KY office of Travelers Casualty Insurance of America waited over three weeks from when they received notice from Mr. Carneal about the claim to send a person to the premises in West Paducah, KY. The person chosen was James A. Skees, Structural Engineer of the On-the-Rock Engineering, LLC, who can hardly be termed as "independent" since he had been employed by Travelers' Louisville office <u>73 times in 2010</u> and <u>67 times in 2011</u>, a <u>total of 140 times just for these two years</u>. Figures as to Structural Engineer Skees' work for Travelers in 2012 have been requested but have not been provided.

On arriving in Paducah, Mr. Skees did not even call the owner of the building, J. T. Carneal. No insurance agent or insurance personnel whatsoever had contacted Mr. Carneal or his daughter, Suzanne Roberts, who operated the business of Anne's Bridal, regarding their claims until Mr. Skees arrived. On taking some pictures and returning to

Louisville, Skees related that the pictures of the roof showed negligent construction and repair.

Based on the engineer's conclusion that there was negligent construction and repair which came within the "exclusions" of the insurance policy which provided for denying the claims, if negligent construction and repair were found. On this basis, that information was sent to the plaintiffs. No proof exists in the record, in any affidavit or depositions, regarding the contention of the Travelers Insurance Company's staff members in charge of this claim that plaintiffs' claims should be denied under the "exclusion" of negligent construction and repair.

<u>PLAINTIFFS HAVE A VERY STRONG ARGUMENT THAT DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF CHUCK HOWART SHOULD BE DENIED UPON THE FOLLOWING REASONS:</u>

Chuck Howarth, is a very well-qualified expert on insurance policies, provisions and procedures, etc.. His opinions will lead to the conclusion that his testimony should definitely not be excluded. Each reason for having these opinions will now be considered.

In the 52-page deposition of Chuck Howarth (plus his report), some of the defendant's attorney's questions to Howarth and Howarth's answers ran 2 to 2-1/2 pages, and for that reason few of the questions or answers are quoted in this response, as that would be burdensome. The best way to present Chuck Howarth's opinions will be to reference in his report and deposition which is attached to his deposition as an exhibit in a much shorter content. (See Exhibit "A" to this Response.)

In review of the Daubert case, plaintiffs state:

Chuck Howarth's opinions meet the standards set out in the Federal Rules of Evidence 702 and the Daubert case, 509 US 579 (1993). Mr. Howarth's expert testimony is in the realm of "specialized knowledge." Chuck Howarth's specialized knowledge includes 30 years in both private and public insurance from claims to settlements, his procedures to unfair claims settlements practices. Mr. Howarth's positions in the insurance industry include:

(1) Director - National Association of Public Insurance Adjusters;

(2) Past President of Florida and Tennessee Associations of Pubilc Insurance Adjusters.

Chuck Howarth's prior expert testimony (partial listing) in 24 cases in several states. (See :Prior Expert Testimony (Partial)) in Exhibits to Mr. Howarth's deposition.

In answer to defendant's attorney's questions regarding being excluded from any case as an expert witness: Mr. Howarth's answer was "no, none."

Plaintiffs agree that defendant's citation nd quotation of part of Pride v. BIG Corp., 566, 576-78 (6th Cir. 2000) is in order. Some of the standards stated in the Pride case quotation will now be discussed as to why defendant's motion to exclude Chuck Howarth as an expert witness – should be denied.

Federal Rules of Evidence 702 requires that the expert's testimony "assist the trier of fact>" Mr. Howarth's "specialized knowledge" expertise of all the ramifications of insurance involved in this case will definitely assist the trier of fact in this case.

-3-

<u>Pride</u> states: The requirement that has been interpreted to mean that scientific testimony must "fit" the facts of the case, that, that is, there must be a connection between the scientific research <u>or</u> test result being offered <u>and</u> the disputed factual issues in the case in which the expert will testify.

In short, under <u>Daubert</u> and its progeny, a party proffering expert testimony must show by a "preponderance of proof" that the expert whose testimony is being offered is qualified and will testify to scientific knowledge that will assist the trier of fact in understanding and disposing of issues relevant to the case.

As to the foregoing paragraph,

Case applied: <u>Plaintiff proffering expert testimony</u> will show, by a "preponderance of the proof" by insurance expert, Chuck Howarth, who is qualified and will testify to scientific knowledge that will assist the trier of fact in understanding and disposing of issues relevant to the case.

Plaintiff, by its expert witness – insurance expert, will meet these standards or requirements.

Part of defendant's attempts to attack the reasons opposed to exclusion by Mr. Howarth will be addressed. Many of the objections are that Mr. Howarth is trying to play lawyer or play expert adjuster. See 4 lines down in Section A. on the fourth page of defendant's motion to exclude Mr. Howarth as an expert witness. It is inferred that Mr. Howarth is making a legal argument or legal conclusion when he stated opined that the two exclusions were unreasonable and unfounded. Then defendant's attorney

Exclusions propounded by defendant as its excuse in denying plaintiffs' claims.

It is next argued that Mr. Howarth's finding defendant at fault in handling the claim. This, when an adjuster was never sent to the damaged premises and when defendants did not even acknowledge receipt of two letters sent to defendant's attorneys. (See Exhibits "B" and "C" to this Response.)

This ends the defendant's lawyer's attacks directed at plaintiff's expert witness, Chuck Howarth.

## CONCLUSION

Based on the foregoing, defendant-Travelers' Motion to Exclude Testimony of Proffered Expert Chuck Howarth should be denied, and Chuck Howarth should not be excluded.

/s/James Owens_____
JIM OWENS LAW FIRM
730 Clark Street
P. O. Box 2757
Paducah, KY  42002-2757

Telephone 270-444-9651
Facsimile 270-443-3388

## **CERTIFICATE OF SERVICE**

I hereby certify that on the _____ day of October, 2013, a copy of the foregoing was mailed to the following counsel for defendant:

Hon. Russell E. Reviere, RAINEY, KIZER, REVIERE & BELL, P.L.C., P. O. Box 1147, Jackson, TN 38302-1147; and Hon.  Serieta G. Jaggers, FARMER & WRIGHT, PLLC, P. O. Box 7766, Paducah, KY  42002-7766.

_____